JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Lamar Jones ("defendant") appeals his conviction for possession of drugs entered by the Cuyahoga County Court of Common Pleas after a jury found him guilty of the offense. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} At trial, the following facts were established: On November 14, 2003, defendant and Annette Smith ("Ms. Smith") entered the "Old Courthouse" located at One Lakeside Avenue in Cleveland to obtain a marriage license. Upon arriving at the courthouse, Ms. Smith emptied her pockets in order to go through the metal detector at the security checkpoint. Among the items removed from her pocket was a bag of crack cocaine. Deputy Jeffrey Sikora ("Deputy Sikora") of the Cuyahoga County Sheriff's Department detained Ms. Smith for questioning. Ms. Smith claimed that she had confiscated the drugs from her teenage nephew the day before and had forgotten to remove them from her pocket.
 {¶ 3} While Ms. Smith was being detained by Deputy Sikora, Ms. Consuela Klimczyk ("Ms. Klimczyk"), the information clerk at the "Old Courthouse," observed defendant reach inside his coat pocket and throw something into the garbage can next to him. She then observed the defendant nudge the garbage can away from him. Ms. Klimczyk telephoned Deputy Sikora from the phone on her desk and told him what she had seen. Deputy Sikora instructed the other security person to grab the garbage can where another bag of crack cocaine was found. Defendant claimed that Ms. Smith had put the drugs inside the garbage can.
 {¶ 4} On February 17, 2004, defendant was indicted for one count of possession of drugs in violation of R.C. 2925.11 and one count of possession of criminal tools in violation of R.C. 2923.24.[1] Defendant pled not guilty and the matter proceeded to a jury trial on May 25, 2004. At trial, defendant was convicted of possession of drugs and sentenced to a prison term of ten months. The charge of possession of criminal tools was dismissed by the court.
 {¶ 5} Defendant appeals his conviction and raises one assignment of error for our review.
 {¶ 6} "I. The appellant has been deprived of his liberty without due process of law, by which his conviction in the case at bar was not supported by evidence sufficient to prove guilt beyond a reasonable doubt."
 {¶ 7} In his sole assignment of error, defendant argues that the evidence was insufficient to support his conviction for possession of drugs. We disagree.
 {¶ 8} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 9} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 10} Here, defendant was convicted of possession of drugs in violation of R.C. 2925.11, which provides, in pertinent part, as follows:
 {¶ 11} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 12} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant knowingly possessed crack cocaine and the trial court properly denied his motion for acquittal.
 {¶ 13} At trial, Ms. Klimczyk testified that she observed the defendant throw something in the garbage can and then push the garbage can away from him. She testified that defendant appeared to be nervous and fidgety. Deputy Sikora testified that he received a telephone call from Ms. Klimczyk telling him that the defendant had just thrown something in the garbage can. He testified that he saw a bag with crack cocaine inside the garbage can. He testified that Ms. Smith was no where near the garbage can. Ms. Smith testified that all of the drugs were hers and that she had thrown the drugs into the garbage can. However, the defendant admitted upon cross-examination that the drugs were his.[2]
 {¶ 14} When this evidence is viewed in the light most favorable to the State, the court could find that the defendant knowingly possessed crack cocaine and that he threw the drugs into the garbage can to avoid getting caught with it. Accordingly, this Court concludes that any rational trier of fact could have found the essential elements of possession of drugs proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
 {¶ 15} Assignment of Error I is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Corrigan, J., concur.
[1] Ms. Smith was also indicted for her part in these events and pled guilty to possession of drugs.
[2] Tr. 202.